1  PAYNE & FEARS LLP
   Scott S. Thomas, Bar No. 106720
2  sst@paynefears.com
   Nathan A. Cazier, Bar. No 241744
3  nac@paynefears.com
   Attorneys at Law
4  Jared De Jong, Bar No. 260921
   jdj@paynefears.com
5  Jamboree Center, 4 Park Plaza, Suite 1100
   Irvine, California 92614
6  Telephone: (949) 851-1100
   Facsimile: (949) 851-1212
7  *Attorneys for Del Webb*

8

9                    **UNITED STATES DISTRICT COURT**

10                  **CENTRAL DISTRICT OF CALIFORNIA**

11

12 DEL WEBB COMMUNITIES, INC.,            Case No.   **SACV13-01767 JVS (RNBx)**
   an Arizona corporation; DEL WEBB
13 HOME CONSTRUCTION, INC., an            **COMPLAINT for:**
   Arizona corporation; PULTE HOME
14 CORPORATION, a Michigan               **(1) Breach of Contract;**
   Corporation,
15                                        **(2) Tortious Breach of the Duty of**
                Plaintiffs,               **Good Faith and Fair Dealing; and**
16
        v.                               **(3) Declaratory Relief—Duty to**
17                                        **Defend.**
   ARCH INSURANCE COMPANY, a
18 Missouri corporation; ACE              ***DEMAND FOR JURY TRIAL***
   AMERICAN INSURANCE
19 COMPANY, a Pennsylvania
   Corporation; NATIONAL UNION
20 FIRE INSURANCE COMPANY OF
   PITTSBURGH, PA, a Pennsylvania
21 Corporation; LIBERTY MUTUAL
   FIRE INSURANCE COMPANY, a
22 Massachusetts Corporation; and DOES
   1-10, inclusive,
23
   Defendants.
24

25

26

27

28

---
-1-
COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Plaintiffs Del Webb Communities, Inc., Del Webb Home Construction, Inc., and Pulte Home Corporation allege as follows:

## PARTIES

### THE PLAINTIFFS

1.     At all times mentioned herein, Del Webb Communities, Inc. was and is a corporation incorporated in Arizona; it maintains its corporate headquarters, which is its center of direction, control and coordination and, thus, is its principal place of business, in Arizona.

2.     At all times mentioned herein, Del Webb Home Construction, Inc. was and is a corporation incorporated in Arizona; it maintains its corporate headquarters, which is its center of direction, control and coordination and, thus, is its principal place of business, in Arizona.

3.     At all times mentioned herein, Pulte Home Corporation was and is a corporation incorporated in Michigan; it maintains its corporate headquarters, which is its center of direction, control and coordination and, thus, is its principal place of business, in Michigan.

4.     Del Webb Communities, Inc., Del Webb Home Construction, Inc., and Pulte Home Corporation are collectively referred to as "Del Webb" or "Plaintiffs."

### THE DEFENDANTS

5.     Del Webb is informed and believes, and on that basis alleges, that

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Defendant Arch Insurance Company ("Arch"), at all times mentioned herein was and is a corporation incorporated in Missouri; it maintains its corporate headquarters, which is its center of direction, control and coordination and, thus, is its principal place of business, in Connecticut.

6.     Del Webb is informed and believes, and on that basis alleges, that Defendant Ace American Insurance Company ("Ace"), at all times mentioned herein was and is a corporation incorporated in Pennsylvania; it maintains its corporate headquarters, which is its center of direction, control and coordination and, thus, is its principal place of business, in Pennsylvania.

7.     Del Webb is informed and believes, and on that basis alleges, that Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") at all times mentioned herein was and is a corporation incorporated in Pennsylvania; it maintains its corporate headquarters, which is its center of direction, control and coordination and, thus, is its principal place of business, in New York.

8.     Del Webb is informed and believes, and on that basis alleges, that Defendant Liberty Mutual Fire Insurance Company ("Liberty") at all times mentioned herein was and is a corporation incorporated in Massachusetts ; it maintains its corporate headquarters, which is its center of direction, control and coordination and, thus, is its principal place of business, in Massachusetts.

9.     Del Webb is unaware of the true names and capacities of DOES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, and therefore sues these defendants by fictitious names.  Del Webb is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

in some manner responsible for the damage to Del Webb as alleged in this Complaint. Del Webb will amend this Complaint to show the true names and capacities of these fictitiously named defendants after the same has been ascertained.

10. Arch, Ace, National Union, and Liberty, and Does 1-10, inclusive, are hereinafter collectively referred to as "Defendants."

## JURISDICTION

11. The amount in controversy exceeds $75,000 and consists of amounts that each Defendant separately and independently owes Del Webb for past and future defense fees and costs incurred by Del Webb in the Ash, Levinson, and Richards Actions as described more fully below, consequential damages resulting from Defendants' breach of contract, and extra-contractual damages, including Del Webb's attorney's fees incurred in prosecuting this action, and punitive damages. Specifically, Del Webb has incurred more than $1,000,000.00 in defense-related expenses in the Ash, Levinson, and Richards Actions collectively, and because they are ongoing, Del Webb will continue to incur defense-related expenses in the future.

12. Plaintiffs are citizens of Arizona and Michigan, and Defendants are citizens of New York, Massachusetts, Missouri, Connecticut, and Pennsylvania.

13. This Court therefore has diversity jurisdiction under 28 U.S.C. § 1332 in that this is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## VENUE

14.     Del Webb is informed and believes and thereon alleges that all Defendants reside in California because they are subject to personal jurisdiction in the state with respect to this action.  In addition, a substantial part of the events or omissions giving rise to this action occurred within this judicial district.

## GENERAL ALLEGATIONS

**The Sun City Grand Project**

15.     Del Webb is a homebuilder that participated in the construction of a residential development known as Sun City Grand, located in Surprise, Arizona ("Sun City Grand").

16.     Del Webb performed no work on the homes at Sun City Grand; instead, all work was performed by subcontractors.

17.     AMPAM Riggs Plumbing Inc. f/k/a Keith Riggs Plumbing ("AMPAM") performed plumbing and related work at Sun City Grand, including but not limited to installing pipes and the "Wirsbo plumbing fitting" in each of the homes constructed at Sun City Grand.

**The AMPAM Policies**

18.     AMPAM performed work at Sun City Grand pursuant to one or more written subcontracts that it entered into with Del Webb.

19.     Each subcontract required AMPAM to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Del Webb Corporation, Del Webb's subsidiaries and affiliates, and their respective directors, officers, employees, and agents as "additional insureds" under those insurance policies.

20.     AMPAM obtained the following commercial general liability policies from Arch (the "Arch Policies"), Ace (the "Ace Policies"), Liberty (the "Liberty Policies") and National Union (the "National Union Policies") (collectively, "the AMPAM Policies"):

| Insurer | Policy Number | Policy Period | Additional Insured |
|---------|--------------|---------------|--------------------|
| Arch | Unknown | 11/1/07 - 11/1/09 | Del Webb |
| Ace | HDOG21703187 | 11/1/03 - 11/1/07 | Del Webb |
| Liberty | YY7-161-037917-038 | 09/1/96 - 01/1/99 | Del Webb |
|  | RG2-691-004-282-022 | 11/1/02- 11/1/03 |  |
| National Union | BE3575142 | 01/1/99 - 11/1/04 | Del Webb |
|  | BE 3464754 |  |  |
|  | BE 7404984 |  |  |
|  | BE 2195505 |  |  |
|  | BE 2977869 |  |  |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

2

3   21.   The AMPAM Policies were endorsed to cover Del Webb as an

4   "additional insured" with respect to liability arising out of AMPAM's work.

5

6   22.   The coverage afforded under the AMPAM Policies requires Defendants

7   Arch, Ace, Liberty, and National Union to pay all sums Del Webb is legally

8   obligated to pay as damages because of property damage or bodily injury during the

9   policy period caused by an occurrence, and arising out of AMPAM's work.

10

11   23.   The coverage afforded under the AMPAM policies also requires

12   Defendants Arch, Ace, Liberty and National Union to defend Del Webb against all

13   claims that create potential liability for covered property damage or bodily injury,

14   even if such claims are groundless, false or fraudulent.

15

16   **The Underlying Actions**

17

18   24.   Homeowners in Sun City Grand filed a consolidated civil action, *Fern*

19   *Ash, et al. v. Del Webb Communities, Inc., et al.*, Maricopa County Superior Court

20   Case No. CV-2012-006568 (the "Ash Action"), initiated an arbitration proceeding,

21   *Lawrence and Sharon Levinson, et al. v. Del Webb Communities, Inc., et al.*,

22   American Arbitration Association Case No. 11-527-0130711 (the "Levinson

23   Action"), and filed a class action, *Jerry L. Richards, et al. v. Del Webb*

24   *Communities, Inc.*, et al., United States District Court for the District of Arizona

25   Case No. CV11-00368-PHX-SMM (the "Richards Action"), against Del Webb

26   alleging, among other things, that the homes at Sun City Grand contained

27   construction deficiencies, that these deficiencies had caused property damage and/or

28   bodily injury, and that Del Webb was liable for these damages.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

25. The Ash, Levinson, and Richards Actions (collectively, the "Underlying Actions") seek damages from Del Webb for property damage and/or bodily injury arising out of the work, operations or ongoing operations of AMPAM.

26. As result of the homeowner claims in the Underlying Actions, Del Webb has incurred more than $1,000,000.00 in defense-related expenses in these Actions collectively.

27. Furthermore, because the Underlying Actions are ongoing, Del Webb will continue to incur additional costs, expenses, and fees in the future, including possible settlement costs and the costs of a potential judgment.

**Defendants Respond to the Underlying Actions**

28. Del Webb promptly requested that each Defendant defend Del Webb against the Underlying Actions. Each Defendant breached its duty to defend Del Webb by (1) refusing to defend Del Webb, (2) by agreeing to defend Del Webb against these matters but failing to reimburse any of Del Webb previously-incurred defense-related expenses or commit to funding Del Webb's future defense-related expenses, or (3) never responding at all to Del Webb's tender of defense.

29. More specifically, Defendants Ace and National Union refused to defend Del Webb against the Underlying Actions; while Defendant Liberty acknowledged that it owes Del Webb a defense obligation in the Underlying Actions, but it has delayed and stonewalled paying defense-related expenses. Defendant Arch failed to provide Del Webb with any coverage position whatsoever.

30. As a result of Defendants' conduct, Del Webb was forced to expend

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

significant resources defending itself against the Underlying Actions.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

(By Del Webb Against All Defendants and DOES 1 through 10)

31.     Del Webb realleges the allegations contained in paragraphs 1 through 30, inclusive, and incorporates them by reference as though fully set forth herein.

32.     Del Webb requested that Defendants defend Del Webb against the Underlying Actions as described more fully above.  Del Webb has performed all obligations owing under each of the policies, and has satisfied all relevant conditions precedent under the Arch, Ace, National Union, and Liberty Policies.

33.     Defendants have failed to discharge their contractual duties to defend Del Webb as an additional insured against the Underlying Actions under the Arch, Ace, National Union, and Liberty Policies.

34.     More particularly, Ace and National Union breached their contracts by wrongfully denying a duty to defend Del Webb, while Arch breached its contracts by not responding at all to Del Webb's tenders, and Liberty breached its contracts by refusing to pay Del Webb's defense-related expenses, even though Liberty acknowledged that it is obligated to do so.

35.     As a direct and proximate result of Defendants' conduct as alleged in this complaint, Del Webb has been damaged in an amount to be proven at trial.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## SECOND CAUSE OF ACTION

## TORTIOUS BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

(By Del Webb Against All Defendants and DOES 1 through 10)

36.     Del Webb realleges the allegations contained in paragraphs 1 through 35, inclusive, and incorporates them by reference as though fully set forth herein.

37.     Defendants owe Del Webb a duty of good faith and fair dealing, obligating Defendants to put Del Webb's interests equal with or ahead of their own interests and to do nothing to deprive Del Webb of policy benefits.

38.     Rather than honor their obligations, Defendants have instead sought to protect their own interests and have subordinated Del Webb's interests by refusing to discharge contractual duties without reasonable grounds or good cause.

39.     In addition, Defendants have acted with knowledge or reckless disregard of the harmful consequences to Del Webb of their unreasonable conduct.

40.     Accordingly, Defendants have unreasonably deprived Del Webb of its rights and benefits under their policies. For example:

        a.      Pursuant to clearly applicable law, Defendants Ace and National Union have a duty to defend Del Webb against the Underlying Actions if the homeowner allegations create the potential for an award of covered damages under the Ace and National Union Policies. Defendants also have a duty to rely upon nothing but the policy language, the relevant legal standards, and the facts of the

PAYNE & FEARS LLP

ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   Underlying Actions when making coverage determinations on Del Webb's tenders.
2   Defendants Ace and National Union understand the scope of their obligations to Del
3   Webb.  Despite this understanding, Defendants Ace and National Union denied Del
4   Webb's tenders for coverage in the Underlying Actions without reasonable basis.  In
5   addition, on information and belief, Ace and National Union denied coverage to Del
6   Webb based, not on the application of their policy language and the law to the facts
7   of the Underlying Actions, but on the significant defense and indemnity costs that
8   Ace and National Union knew Del Webb will incur defending and settling the
9   Underlying Actions.  On information and belief, Ace and National Union have
10  experience and/or knowledge of similar construction defects lawsuits involving the
11  dezincification of plumbing fittings in the southwestern United States and
12  understand the significant costs associated with defending and settling such claims.
13  By denying Del Webb's tenders in the Underlying Actions, Defendants Ace and
14  National Union hoped to avoid costs that they know will be large, even if these
15  improper coverage decisions injure Del Webb.

16

17             b.      Pursuant to clearly applicable law, Defendant Arch has a duty to
18  conduct a thorough investigation into Del Webb's tenders for coverage in the
19  Underlying Actions, make a prompt evaluation of coverage, and provide an
20  explanation for the reasons that Arch decides to either pay or not pay a specific
21  claim.  Defendant Arch is fully aware of its duty to investigate a tender and make a
22  prompt evaluation of coverage.  Despite this knowledge, Arch has failed to conduct
23  a reasonable investigation into Del Webb's tender for coverage in the Underlying
24  Actions, ignored Del Webb's numerous requests for coverage, and failed to provide
25  Del Webb with an explanation of why it has taken so long to issue a coverage
26  determination.  Arch's conduct is unreasonable and it is motivated by a desire to
27  avoid paying money on Del Webb's tender, and by a belief that the longer Arch
28  delayed issuing a coverage decision the greater the chance would be that other

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  insurer carriers would step up and defend Del Webb, obviating Arch's need to do so.
2  On information and belief, like Ace and National Union, Arch has experience and/or
3  knowledge of similar construction defects lawsuits involving the dezincification of
4  plumbing fittings in the southwestern United States and understands the significant
5  costs associated with defending and settling such claims. By refusing to respond to
6  Del Webb's tenders in the Underlying Actions, Arch hoped to avoid costs that it
7  knows are likely to be significant, with full knowledge that Arch's conduct injures
8  Del Webb.

9

10         c.      Pursuant to clearly applicable law, Defendant Liberty has a duty
11  to supply Del Webb with an immediate and complete defense against the
12  Underlying Actions once it acknowledges owing Del Webb a defense in these
13  matters. Likewise, Liberty has a duty to conduct a thorough investigation into Del
14  Webb's tenders and to treat Del Webb's tenders with the seriousness and care that
15  they deserve. Liberty is fully aware of its duty to supply an immediate and complete
16  defense and to conduct a thorough investigation of all claims that are tendered to it.
17  Despite this knowledge, Liberty refused to provide Del Webb with an immediate
18  and complete defense against the Underlying Actions. More specifically, although
19  Liberty acknowledged on December 17, 2012, that it owed Del Webb a defense
20  obligation in the Underlying Actions, Liberty has not paid any portion of Del
21  Webb's previously incurred defense costs, nor will Liberty commit to paying Del
22  Webb's future defense costs, despite Del Webb's numerous requests that Liberty
23  tender payment and commit to paying such costs. Liberty's stonewalling and delay
24  tactics are unreasonable, have no basis in law, and are entirely motivated by
25  Liberty's desire to limit its monetary exposure to Del Webb without regard to Del
26  Webb's rights or interests. On information and belief, Del Webb alleges that
27  Liberty understands the significant costs that Del Webb may incur defending itself
28  against the Underlying Actions, because Liberty has prior experience and/or

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

knowledge of similar construction defect lawsuits involving the dezincification of plumbing fittings in the southwestern United States.  Liberty has delayed paying Del Webb in order to buy itself time, since Liberty hopes that if it continues to stonewall Del Webb – i.e., by agreeing to defend but not paying any defense costs – eventually other insurance carriers will also agree to defend Del Webb's in the Underlying Actions, thereby reducing or eliminating the amounts that Liberty is required to pay for Del Webb's defense, in what are likely going to be lengthy and expensive matters.  In addition, as part of its delay tactics, Liberty continually requested that Del Webb supply information that had little or no relevance to Liberty's coverage investigation and which did not impact Liberty's ability to reimburse Del Webb's previously incurred defense costs or implement a system to pay Del Webb's future defense costs.

d.      Pursuant to clearly applicable law, Defendants have a duty to defend additional insureds, like Del Webb, for claims alleging potential for liability arising out of the work of their named insureds.  Defendants understand and are fully aware of this duty.  Despite knowledge of this obligation, Defendants routinely attempt to avoid this obligation by taking arbitrary and capricious coverage positions.  More specifically, despite knowledge of the terms of their insurance policies, additional-insured endorsements, the relevant case law, and the facts alleged in the Underlying Actions, Defendants refused to acknowledge their duties to defend Del Webb against the Underlying Actions.  Defendants have adopted a pattern and practice of consistently and intentionally treating Del Webb and other additional insureds differently from their named insured with respect to the degree of investigation undertaken, the coverage positions Defendants assert and the defense they are willing to provide.  Likewise, Defendants took coverage positions in the Underlying  Actions that are inconsistent with positions they took in other similar cases.  Defendants' decisions to deny or delay responding to Del Webb's

tenders were motivated by a desire to enhance unfairly their own profits by avoiding contractual obligations and ignoring the contractual rights and economic interests of Del Webb. Defendants acted in a deliberate and concerted fashion to achieve this self-serving economic objective. Defendants' conduct in this regard tortiously breaches the duty of good faith and fair dealing owed to Del Webb, and recklessly disregards Del Webb's economic and property rights.

41. Defendants' conduct as alleged in this Complaint is part of a pattern of unfair claims practices intentionally engaged in by Defendants to enhance unfairly their own profits by avoiding contractual obligations and ignoring the contractual rights and economic interests of Del Webb and other additional insureds. These systematic practices include: (1) wrongfully denying additional insureds coverage owed under policies; and (2) refusing to supply a full defense to additional insureds as required by law and instead trying to limit coverage obligations to funding only a small fraction of the additional insured's defense.

42. As a direct and proximate result of Defendants' tortious breach of the duty of good faith and fair dealing, Del Webb has suffered damages in an amount to be proven at trial, including without limitation, legal costs incurred to obtain the benefits of the respective policies.

43. In addition, Defendants' conduct as alleged in this Complaint is despicable and has been carried out in willful and conscious disregard of Del Webb's rights and economic interests, and is malicious, fraudulent and oppressive. Accordingly, Defendants' conduct entitles Del Webb to punitive damages.

44. Defendants' malicious, fraudulent, and oppressive conduct includes, for example, the following conduct:

a.     As described above, Defendants are fully aware of their duty to defend additional insureds, like Del Webb, against claims alleging potential liability arising out of the work of their named insureds, but routinely attempt to avoid these obligations by treating additional insured differently from named insureds. Defendants know this behavior violates the rights of additional insureds, like Del Webb, but Defendants intentionally try to deprive additional insureds, like Del Webb, of policy benefits in order to unfairly enhance their own profits.

b.     As described above, Defendants are fully aware of their duty to fully defend Del Webb as opposed to only providing a proportional or partial defense based on the liability of their named insureds.  Defendants know that failing to provide Del Webb with a full defense violates its contractual rights, but Defendants nonetheless intentionally disavow these duties in willful violation of their contractual duties.

## THIRD CAUSE OF ACTION
## DECLARATORY RELIEF REGARDING ALL DEFENDANTS' DUTIES TO DEFEND

(By Del Webb Against Ace, Arch, National Union and DOES 1 through 10)

45.     Del Webb realleges the allegations contained in paragraphs 1 through 44, inclusive, and incorporates them by reference as though fully set forth herein.

46.     An actual controversy has arisen and now exists between Del Webb, on the one hand, and Defendants, on the other hand, in that Del Webb contends that under the Ace, Arch, and National Union Policies, each Defendant owes a separate and independent duty to promptly and fully defend Del Webb in the Underlying

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Actions.

47. Del Webb is informed and believes that Ace, Arch, and National Union contend otherwise.

48. Del Webb desires a judicial determination as follows:

    a. that each Ace, Arch, and National Union owes a separate and independent duty to defend Del Webb against the Underlying Actions;

    b. that the scope of this duty is to provide Del Webb with an immediate and full defense;

    c. that the obligations of any one Defendant to provide Del Webb with an immediate and full defense is not diminished or reduced when other Defendants owe Del Webb this same duty.

49. A declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations of Del Webb and Ace, Arch, and National Union may be determined.

## PRAYER

WHEREFORE, Del Webb prays for judgment against each Defendant as follows:

1. **FIRST CAUSE OF ACTION**:

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

a.    For general and specific damages in an amount to be proven at trial;

b.    For all costs and expenses at the full extent permitted by law;

c.    For pre-judgment interest and post-judgment interest at the full extent permitted by law;

d.    For attorneys' fees to the extent recoverable by Arizona statute 12-341 or any other applicable law; and

e.    For such other and further relief as the Court deems fair and proper.

2.    **SECOND CAUSE OF ACTION**:

a.    For general and specific damages in an amount to be proven at trial;

b.    For punitive damages at the full extent permitted by law;

c.    For all costs and expenses at the full extent permitted by law;

d.    For pre-judgment interest and post-judgment interest at the full extent permitted by law;

e.    For attorneys' fees to the extent recoverable by Arizona statute 12-341 or any other applicable law; and

f.    For such other and further relief as the Court deems fair and

proper.

3. **THIRD CAUSE OF ACTION**:

    a.    For declaratory relief as described above;

    b.    For all costs and expenses at the full extent permitted by law;

    c.    For pre-judgment interest and post-judgment interest at the full extent permitted by law;

    d.    For attorneys' fees to the extent recoverable by Arizona statute 12-341 or any other applicable law; and

    e.    For such other and further relief as the Court deems fair and proper.

Respectfully submitted,

DATED: November 6, 2013    PAYNE & FEARS LLP

By: _____
        SCOTT S. THOMAS
        NATHAN CAZIER
        JARED DE JONG

Attorneys for Del Webb

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-18-
COMPLAINT

## DEMAND FOR JURY TRIAL

Pursuant to Local Rule 38-1 and Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs Del Webb Communities, Inc., Del Webb Home Construction, Inc., and Pulte Home Corporation respectfully request a jury trial on all issues so triable.

DATED: November 6, 2013          PAYNE & FEARS LLP

By: _____
                         SCOTT S. THOMAS
                         NATHAN CAZIER
                         JARED DE JONG

                         Attorneys for Del Webb

4826-4752-3862.2

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____James V. Selna_____ and the assigned Magistrate Judge is _____Robert N. Block_____ .

The case number on all documents filed with the Court should read as follows:

## SACV13-01767 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____November 7, 2013_____
Date

By ___Maria Barr___
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | ☒ Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | ☐ Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |
|---|---|---|

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                     NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| DEL WEBB COMMUNITIES, INC., an Arizona corporation; DEL WEBB HOME CONSTRUCTION, INC., an Arizona corporation; PULTE HOME CORPORATION, a Michigan Corporation, | ARCH INSURANCE COMPANY, a Missouri corporation; ACE AMERICAN INSURANCE COMPANY, a Pennsylvania Corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania Corporation; LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Corporation; and DOES 1-10, inclusive, |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)<br>Scott S. Thomas / Nathan A. Cazier/Jared De Jong<br>Payne & Fears, LLP<br>4 Park Plaza, Suite 1100, Irvine, CA 92614<br>(949) 851-1100 | **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

1) 28 U.S.C. § 1332/Breach of Contract and 2)Tortious Bad Faith

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☒ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **SACV13-01767 JVS (RNBx)**

CV-71 (09/13)    CIVIL COVER SHEET    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No <br><br> If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | | Western |
| | ☐ Orange | | Southern |
| | ☐ Riverside or San Bernardino | | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No | **A PLAINTIFF?** <br><br> Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?** <br><br> Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no, " go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C <br><br> ☐ only 1 answer in Column C and no answers in Column D <br><br> Your case will initially be assigned to the SOUTHERN DIVISION. <br> Enter "Southern" in response to Question D, below. <br><br> If none applies, answer question C2 to the right. ➡ | ☐ 2 or more answers in Column D <br><br> ☐ only 1 answer in Column D and no answers in Column C <br><br> Your case will initially be assigned to the EASTERN DIVISION. <br> Enter "Eastern" in response to Question D, below. <br><br> If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Southern Division |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____   DATE: 11-6-2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |